UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMSHEL ROTHSCHILD EL,<br><br>               Plaintiff,<br><br>   v.<br><br>CASCADE VIEW DRIVE LLC, et al.,<br><br>               Defendants. | CASE NO. 2:25-cv-01685-LK<br><br>ORDER DISMISSING COMPLAINT |

This matter comes before the Court *sua sponte* and on pro se Plaintiff Amshel Rothschild El's Motion to Reinstate Original Complaint, Dkt. No. 14, and Motion for Judicial Notice, Dkt. No. 13. On September 2, 2025, pro se Plaintiff Amshel Rothschild El filed a motion to proceed in forma pauperis ("IFP"), Dkt. No. 1, and a proposed complaint seeking to quiet title to property located in King County, Washington, as well as various other forms of relief against Defendants Cascade View Drive LLC, Mortgage Electronic Registration Systems, Deutsche Bank Trust Company Americas, Lina Fronda (Bank of America NA), and "All Persons or Entities Claiming Any Interest in the Subject Property[.]" Dkt. No. 1-1 at 1, 3–4, 6–7. On September 3, 2025, United States Magistrate Judge Michelle L. Peterson granted Mr. Rothschild El's IFP application but

ORDER DISMISSING COMPLAINT - 1

recommended that his complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of summonses. Dkt. No. 3 at 1. On September 24, 2025, Mr. Rothschild El filed an amended complaint. Dkt. No. 12. Six days later, he moved to reinstate his original complaint. Dkt. No. 14.

The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Mr. Rothschild El's complaint asserts that he is "a Moorish American private citizen" and "rightful heir of the Moabites" whose alleged interest in certain "subject property" "predates any fraudulent sale or mortgage." *Id.* at 3. The complaint is supported by a document titled "Owner's Aboriginal Title to Allodium," issued under the alleged authority of the "Moorish National Republic Federal Government[;] Moorish Divine and National Movement of the World[;] Northwest Amexem/Northwest Africa/ North America/ 'The North Gate'[;] Temple of the Sun And Moon[;] Societas Republicae Ea Al Maurikano[;] The True and De jure Natural Peoples heirs of the Land"—and other similar documents. Dkt. No. 4 at 19–20; *see also id.* at 13–14, 16–17, 22–27, 29–35. Although the complaint references a number of federal statutes, *id.* at 5 (listing 42

U.S.C. § 1983; 18 U.S.C. § 1962; 15 U.S.C. § 1640; 12 U.S.C. § 2605), it fails to plead the elements necessary to state a claim under any of these statutes.[1]

District courts may dismiss a complaint without leave to amend if "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) (explaining that a district court may deny leave to amend when amendment would be futile). The Supreme Court has stated that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Like many other courts have found, complaints like Mr. Rothschild El's rise to the level of the irrational or the wholly incredible. The allegations in the complaint demonstrate that Mr. Rothschild El is one of many individuals who claim to have "alleged ancestry in ancient Moors (and/or on their alleged or actual adhesion to Moorish religious convictions)" in order to "initiat[e] frivolous legal actions" on the basis of "their self-granted 'Moorish citizenship' and from their correspondingly-produced homemade 'Moorish' documents[.]" *Bey v. Stumpf*, 825 F. Supp. 2d 537, 542 (D.N.J. 2011); *see also id.* at 539–43. For example, one of Mr. Rothschild El's documents proclaims the following:

> Being a Moorish American, I am a Noble freeholder Original Indigenous Autochthonous Moor /Muur of the organic Americas - the Land. By Consanguine Unity I am the descendant of the ancient Moabite Fore-Mothers and Fore-Fathers. My pledge of National, Political, and Spiritual allegiance is to my Moabite /

---

[1] Under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law, *West v. Atkins*, 487 U.S. 42, 48 (1988), but even assuming that Mr. Rothschild El adequately alleged a constitutional violation, he has not shown that any of the Defendants acted under color of state law. Mr. Rothschild El pleads no facts pertaining to any of the required elements of a cause of action under any subsection of 18 U.S.C. § 1962. *See generally* Dkt. No. 4. Finally, Mr. Rothschild El has not stated a claim under either the Truth in Lending Act, 15 U.S.C. § 1640, *et seq.*, or the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.*, because his complaint fails to provide enough detail for the Court to determine which provisions of these statutes have allegedly been violated, or by whom.

ORDER DISMISSING COMPLAINT - 3

> Moorish Nation - being the Archaic Aboriginals / Indigenes of Amexem (the Americas) and stand squarely affirmed upon our Divine Oath to the 'Five Points of Light' - Love, Truth, Peace, Freedom, and Justice. I am by Birthright Heritage, and Primogeniture, the living Beneficiary, Heir, Jus sanguinis and Jus soli (by right of soil) of the extreme far west Al Moroccan (American) Continents - Land of the Moors Territoria, North America, South America; Central America; including the Adjoining Atlantis Islands (Americana / Ameru / Al Moroc)[.]

Dkt. No. 4 at 26. It is on this basis and other similar bases that he "make[s] adverse claim of aboriginal title to [his] ancestral estate in reversion[.]" *Id.* at 33 ("This sacred property . . . has been held in trust by Nature and the Great Mother," and "[i]ts current structural improvements . . . do not sever nor extinguish the birthright title held by Moorish American heirs.").

Mr. Rothschild El has made two attempts to plead a viable complaint, and nothing about the amended complaint[2] or his briefing[3] suggests that he is willing to plead the facts necessary to show standing, or able to plead facts to state any plausible claim. Based on Mr. Rothschild El's fantastical allegations, the Court finds that his complaint is factually frivolous and that the defects described above make leave to amend futile. Thus, as many other courts have done, this Court denies leave to amend. *See, e.g.*, *Pernell El v. Wells Fargo Bank*, No. CV2103137ABKESX, 2021 WL 4126915, at *3 (C.D. Cal. Sept. 3, 2021); *Draper v. Round Hill Pac. Mgmt. LLC*, No. 8:19CV203, 2020 WL 1677148, at *2 (D. Neb. Apr. 6, 2020); *Bey v. Saucedo*, No. 219CV2113TLNDBPS, 2020 WL 1640000, at *3 (E.D. Cal. Apr. 2, 2020), *report and*

---

[2] *See, e.g.*, Dkt. No. 12 at 1–2 (Mr. Rothschild El "asserts standing as the Moorish American heir, protected under the Treaty of Peace and Friendship (1787, reaffirmed 1836), invoking Article I, Section 10 of the U.S. Constitution, and the equity maxims that prohibit fraud and birthright theft," alleges that Defendants' "fraudulent conveyances stripped equity and converted ancestral lands into debt pledges (mortgages), contrary to allodial title and constitutional protections," and asks the Court to "[r]ecognize Plaintiff's allodial title as superior to any claims by Defendants").

[3] *See, e.g.*, Dkt. No. 5 at 1 ("Writ of Abatement in Equity" declaring that Mr. Rothschild El, "sui juris Moorish American, heir by blood and treaty, appearing in propria persona and not submitting to corporate jurisdiction, who by this verified Affidavit and Writ of Abatement does place on the record the fraud of Caucasian Europeans masquerading as 'Americans,' demands abatement of all colorable proceedings, and seeks equitable relief, subrogation, and injunction"); Dkt. No. 10 at 2 ("Affidavit & Judicial Notice of Fraudulent Status Correction" stating that "[t]he Treaty of Peace and Friendship . . . establishes recognition of the Moors . . . as the indigenous sovereigns of this land" and "[n]on-indigenous persons attempting to assume Moorish or treaty-based standing commit fraud and misrepresentation against the heirs and the treaty itself").

ORDER DISMISSING COMPLAINT - 4

*recommendation adopted*, No. 2:19-CV-2113-TLN-DB, 2020 WL 3840774 (E.D. Cal. July 8, 2020).

The Court GRANTS Mr. Rothschild El's Motion to Reinstate Original Complaint, Dkt. No. 14, DISMISSES the operative complaint without leave to amend, Dkt. No. 4, and DENIES as moot his Motion for Judicial Notice, Dkt. No. 13.[4] The Clerk is directed to close this case.

Dated this 8th day of October, 2025.

Lauren King
United States District Judge

---

[4] Because docket entries 5, 6, 8, 9, and 10 do not fit into any category of acceptable filings permitted by the Federal and Local Rules, the Court STRIKES them from the record.