UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMSHEL ROTHSCHILD EL, <br><br> Plaintiff, <br><br> v. <br><br> CASCADE VIEW DRIVE LLC, et al., <br><br> Defendants. | CASE NO. 2:25-cv-01685-LK <br><br> ORDER DENYING POST-JUDGMENT MOTIONS |

This matter comes before the Court on pro se Plaintiff Amshel Rothschild El's Motion to Alter or Amend Judgment. Dkt. No. 19. On October 8, 2025, this Court dismissed Mr. Rothschild El's complaint and entered judgment in favor of Defendants and against Mr. Rothschild El. Dkt. Nos. 16–17. Mr. Rothschild El subsequently filed this motion as well as a "Petition for Equitable Relief and Quiet Title." Dkt. Nos. 18–19.

Under Rule 59(e), a party may move to have the court amend its judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v.*

ORDER DENYING POST-JUDGMENT MOTIONS - 1

*Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)); *see also Carroll*, 342 F.3d at 945 (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (citation omitted)). A "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

      Mr. Rothschild El's motion to amend the judgment in this case does not address the Rule 59(e) standards, let alone satisfy them. Instead of seeking to "present . . . previously unavailable evidence" or direct the Court to "manifest errors of law or fact," *Herron*, 634 F.3d at 1111, Mr. Rothschild El suggests that the Court should amend its judgment to take into account various of his improper filings—"specifically Document 9 and related memoranda requesting that the matter proceed in equity," Dkt. No. 19 at 1—that were already on the docket prior to the Court's entry of judgment. As the Court previously explained, the fact that docket entry 9 (and other improper filings) did "not fit into any category of acceptable filings permitted by the Federal and Local Rules," Dkt. No. 16 at 5 n.4, means it was not "manifest error[]" or an "injustice" for the Court to decline to consider it, *Herron*, 634 F.3d at 1111. Such documents are "not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court," and must accordingly "be stricken from the record." *Johnson v. Holms*, No. 2:18-cv-00647-GMN-EJY, 2020

WL 9065891, at *1 (D. Nev. June 12, 2020) (citation modified)). Moreover, the Court did review these documents before issuing its dismissal order, and noted that the documents only underscored that Mr. Rothschild El is not "willing to plead the facts necessary to show standing, or able to plead facts to state any plausible claim." Dkt. No. 16 at 4 & n.3 (citing Dkt. Nos. 5, 10). Thus, even if these documents were properly before the Court, they would not have changed the outcome.

Mr. Rothschild El's "Petition for Equitable Relief and Quiet Title" simply parrots his First Amended Complaint. *Compare* Dkt. No. 12 *with* Dkt. No. 18. To the extent this Petition is an attempt to amend his complaint yet again, the Court did not grant leave for such amendment. Dkt. No. 16 at 4. To the extent it is a motion premised on his dismissed complaint, it is denied as moot. Even if the Court were to consider this document, it too is meritless for the reasons previously discussed. *See* Dkt. No. 16; *see, e.g.*, Dkt. No. 18 at 1–2 (seeking to "restore the equitable and allodial title to the ancestral property" based on "aboriginal title" rooted in "Moorish-American ancestry").

For the reasons outlined above, the Court DENIES Mr. Rothschild El's motion to amend judgment, Dkt. No. 19, and DENIES as moot his Petition for Equitable Relief and Quiet Title, Dkt. No. 18.

Dated this 22nd day of October, 2025.

Lauren King
United States District Judge